UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRAL EVANS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 2:11-cv-02067** |
| **TIN, INC., ET AL.** | **SECTION: "I"** |
| | **MAGISTRATE (5)** |
| Consolidated with: Nos. 11-2068, 11-2069, 11-2182, 11-2348, 11-2351, 11-2417, 11-2949, 11-2985, 11-2987, 11-3018, 11-3021, 11-3048, **11-3049,** 12-18, **11-3050,** 12-2042, 12-2367, 12-2424, 12-2815, 12-2819, 12-2824, 12-2825 | |
| REF:  ALL CASES | |

**FINAL ORDER AND JUDGMENT**
**APPROVING CLASS ACTION SETTLEMENT**

Upon consideration of the Joint Motion for Final Approval of Class Settlement, it is hereby,

ORDERED, ADJUDGED AND DECREED that:

1. The Parties entered into an Amended Settlement Agreement, with its attached exhibits, to settle this Litigation and all Related Actions on December 14, 2012, and filed the Amended Settlement Agreement with this Court on December 19, 2012.

2. By order dated December 27, 2012, this Court granted preliminary approval of the proposed Settlement between the Parties, conditionally certifying the Settlement Class, ordering notice to potential Class Members, and providing potential Class Members with an opportunity either to exclude themselves from the Class or to object to the proposed Settlement. Order, December 27, 2012, ECF No. 630. On February 7, 2013, this Court entered an amended Order, affirming its earlier Order but issuing revised dates for dissemination of notice of the proposed Settlement. *See* Am. Order, February 7, 2013, ECF No. 647. The Court also provisionally approved the procedure for giving notice and the forms of notice, and set a Fairness Hearing to take place on July 10, 2013. *See* Order, December 27, 2012, ECF No. 630; Am. Order at 6, February 7, 2013, ECF No. 647.

3. On July 10, 2013, the Court held a duly noticed Fairness Hearing to: (a) determine *de novo* whether the Settlement is fair, reasonable, adequate, was entered into in good faith and without collusion, and should be approved; and (b) determine whether to enter a final order and judgment, including final approval of the Settlement Class and Settlement. Because no Class Members objected to the Settlement as of the Fairness Hearing, this Court did not need to address objections.

4. The Court considered all matters submitted at the hearing and otherwise, and finds that notice substantially in the form approved by the Court was given in the manner that the Court ordered. Direct notice was sent to the following potential Class Members or their counsel: (a) all plaintiffs in this Litigation or in a Related Action; (b) all Class Members who have been clients of the Plaintiffs' Steering Committee ("PSC") or who are known to the PSC to

have claims covered by the Amended Settlement Agreement; (c) all Class Members whose identity and address could reasonably be ascertained through review of property ownership or tax records for properties in the Class Area or other diligent efforts to ascertain the scope of the Class; and (d) all Class Members whose name and address was otherwise known to the Parties. Notices were also published in the following nine local newspapers between February 20 and March 8, 2012: St. Tammany News, St. Tammany, LA; Saint Tammany Farmer, St. Tammany, LA; The Bogalusa Daily News, Bogalusa-Washington, LA; The Era-Leader, Franklinton-Washington, LA; Times-Picayune, New Orleans, LA; Picayune Item, Picayune, MS; The Sea Coast Echo, Bay St. Louis, MS; Gazebo Gazette, Pass Christian, MS; and The Sun Herald, Biloxi-Gulfport, MS. Moreover, the Notice was published in the following periodicals targeting recreational fishermen: Louisiana Sportsman; Mississippi Sportsman; and National Fisherman.

5. The Parties reached a settlement less than three months before the first Class Members' trial was set to begin, and following a year of intense discovery and substantial settlement negotiations, which included assistance from an experienced mediator. Counsel for the Parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Litigation. The extent of discovery, expert work, and independent investigations by counsel for the Parties, and the factual record compiled, suffices to enable the Parties to make an informed decision as to the fairness and adequacy of the Settlement.

6. The Court has determined that the proposed Settlement of the claims of the Class Members against Defendants, as well as the release of Defendants and the Released Parties, the significant relief provided to the Class Members—in the form of Defendants' agreement to contribute $9 million to the Settlement Funds; contribute $4.5 million to the Settlement Administration Fund; and donate any remaining funds (following payment of all Approved Claims from the Settlement Funds and approved Administrative Expenses and attorneys' fees and costs from the Settlement Administrative Fund) to one or more charities or other public interest entities related to the Pearl River ecosystem—is fair, reasonable and adequate.

7. The Court has considered the papers submitted by the Parties and has heard oral presentations by the Parties.

8. **Incorporation of Other Documents**. This Final Order and Judgment Approving Class Action Settlement incorporates and makes a part hereof: (a) the Amended Settlement Agreement, including all exhibits thereto, and definitions included therein, which was filed with this Court on December 19, 2012; (b) the briefs, affidavits, declarations, and other materials filed in support of the Settlement; (c) the record at the Fairness Hearing; (d) the documents listed on the docket sheet or otherwise submitted to the Court; and (e) all prior proceedings in the Litigation. Except where otherwise noted, all capitalized terms used in this Final Order and Judgment Approving Class Action Settlement shall have the meanings attributed to them in the Amended Settlement Agreement.

9. **Jurisdiction**. The Court has personal jurisdiction over the Parties, and because due, adequate, and the best practicable notice has been disseminated and all potential Class Members have been given the opportunity to exclude themselves from or object to this Settlement, the Court has personal jurisdiction over all Class Members (as defined below and in the Amended Settlement Agreement). The Court has subject-matter jurisdiction over the claims asserted in the Litigation pursuant to 28 U.S.C. § 1332, including, without limitation, jurisdiction to approve the proposed Settlement and the Amended Settlement Agreement and all exhibits attached thereto, grant final certification of the Class for settlement purposes, settle and release all claims as set forth in the Amended Settlement Agreement, dismiss—with prejudice—all claims of the Class against the Released Parties in the Litigation, and issue related orders. The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

10. **Final Class Certification For Settlement Purposes Only**. The Court finds, for settlement purposes only and conditioned upon the entry of this Final Order and Judgment, and upon the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable;

4

(b) there are questions of law and fact common to the Class; (c) the claims of the class representatives are typical of the claims of the Class they seek to represent for purposes of settlement; (d) the class representatives have fairly and adequately represented the interests of the Class and will continue to do so, and the class representatives have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

11.     The Court also concludes that, because this Litigation is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  In making these findings, the Court has considered, among other factors: (a) the interests of Class Members in individually controlling the prosecution or defense of separate actions; (b) the impracticability or inefficiency of prosecuting or defending separate actions; (c) the extent and nature of any litigation concerning these claims already commenced; and (d) the desirability of concentrating the litigation of the claims in a particular forum.

12.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies, for settlement purposes only, a Class consisting of the following three subclasses:

    a.     **The Real Property Owners Subclass** consists of:

All real property owners who at any time between August 8, 2011 and December 14, 2012 owned real property in the Class Area.  The Real Property Owners Subclass does not include Business Entities.

    b.     **The Business Entities Subclass** consists of:

All Business Entities that (1) at any time between August 8, 2011 and the December 14, 2012 either owned or leased real property in the Class Area; or (2) hold a commercial fishing license issued by the United States and/or the States of Louisiana or Mississippi for which a fee has been paid, that derive an income from catching and selling seafood,

and that have suffered economic loss at any time from August 8, 2011 to December 14, 2012 as a result of the Incident.

    c.    **The Other Impacted Persons Subclass** consists of:

All persons or Business Entities (except for members of the Real Property Owners Subclass or Business Entities Subclass, none of whom may be a member of the Other Impacted Persons Subclass) who (1) resided within the Class Area between August 8, 2011 and December 14, 2012 but who did not own real property within the Class Area during that period; (2) are named as plaintiffs in the Litigation or any other Related Action; (3) submitted a questionnaire in the Litigation or any other Related Action; or (4) otherwise suffered injury, loss, or damage as a result of the Incident, including recreational users of the Pearl River.

Excluded from the Class are federal, state and local government entities. Any persons who timely and properly opted out of the Settlement would have also been excluded from the Class; however, no Class Members opted out.

    13.    **Adequacy of Representation**. The Court designates the following representatives for each subclass:

    a.    The Real Property Owners Subclass: Terral Evans, Ronnie G. Penton, James Varnado, and Pamela Varnado.

    b.    The Business Entities Subclass: Rodney Lee and Thomas Harrison, Jr.

    c.    The Other Impacted Persons Subclass: William Kristopher Collins and William Mickens, Jr.

The Court finds that these Class Members have adequately represented the Class for purposes of entering into and implementing the Amended Settlement Agreement. For purposes of these settlement approval proceedings, the Court finds that Tommy W. Thornhill; Shawn C. Reed; Irving J. Warshauer; Min Tam (Tammy) Tran; Jacques F. Bezou; N. Frank Elliot, III; William H. Arata; and Daniel E. Becnel, Jr. are experienced and adequate class counsel. Class representatives and class counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g).

    14.    **Class Notice**. The Court finds that the dissemination of the Class Notice in accordance with the terms of the Amended Settlement Agreement, the Notice Implementation Plan, and this Court's Preliminary Approval Order, as described in Notice Agent Lauran

Schultz's Declaration filed before the Fairness Hearing, a copy of which is incorporated herein and made a part hereof:

      a.    constituted the best practicable notice to Class Members under the circumstances;

      b.    constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this class action; (ii) the nature of the action; (iii) the Class claims and issues; (iv) the definition of the Class; (v) the terms of the proposed Settlement; (vi) their right to exclude themselves from the Class and the proposed Settlement; (vii) the time and manner for requesting exclusion; (viii) their right to object to any aspect of the proposed Settlement (including, but not limited to, final certification of the Class, the fairness, reasonableness or adequacy of the proposed Settlement, the adequacy of the Class's representation by class representatives or class counsel and/or the process for awarding attorneys' fees and expenses); (ix) the time and manner for objecting; (x) their right to enter an appearance through an attorney; (xi) their right to request to appear at the Fairness Hearing – either on their own or through counsel hired at their own expense – if they did not exclude themselves from the Class; and (xii) the binding effect of the Final Order and Judgment in this action, whether favorable or unfavorable, on all persons and entities who did not request exclusion from the Class;

      c.    constituted notice that was reasonable, due, adequate, and sufficient; and

      d.    constituted notice that fully satisfied all applicable legal requirements, including Rules 23(c)(2)(B) and (e)(1) of the Federal Rules of Civil Procedure, the United States Constitution (including Due Process Clause), the Rules of this Court, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.

15.    The Court finds that Defendants provided notice of the proposed Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §

1715(d)) to comment or object to the proposed Settlement before entering its Final Order and Judgment and no such objections or comments were received.

      16.    **Claims Process**.  The Court concludes that the Proof of Claim Form was well-designed with clear and prominent information that was easily understandable to Class Members.  Any Class Member who wished to receive compensation under the Amended Settlement Agreement must have submitted a timely Proof of Claim Form signed by the Class Member, attested to under penalties of perjury, and accompanied by additional documentation as required under the Amended Settlement Agreement.  The Proof of Claim Form must have been completed in person before the Special Master or his designee or been postmarked on or before May 29, 2013.  Any Class Member who did not submit a valid and timely Proof of Claim Form is not entitled to compensation under the Amended Settlement Agreement, but nonetheless is bound by the Release and provisions of the Amended Settlement Agreement and the Final Order and Judgment.

      17.    **Final Settlement Approval**.  The terms and provisions of the Amended Settlement Agreement, including any and all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interest of, Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, CAFA, the United States Constitution (including the Due Process Clause), and any other applicable law.  The Court finds that the Amended Settlement Agreement is fair, adequate and reasonable based on the following factors, among others:

      a.    There is no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations commenced under the supervision of a court-appointed neutral, Mr. John W. Perry, Jr.  *See, e.g.*, *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983); *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 844 (E.D. La. 2007) ("A strong presumption exists in favor of settlement if the district court determines that the settlement resulted from arms-length negotiations between experienced counsel and was not tainted by fraud or collusion.");

    b.  The complexity, expense and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible—on behalf of the Settlement Class. *See, e.g.*, *Reed*, 703 F.2d at 172; *Turner*, 472 F. Supp. 2d at 843 ("The public interest favoring settlement is especially apparent in the class action context where claims are complex and may involve a large number of parties, which otherwise could lead to years of protracted litigation and sky-rocketing expenses.");

    c.  Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties had developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement. *See, e.g.*, *Reed*, 703 F.2d at 172; *Newby v. Enron Corp.*, 394 F.3d 296, 306 (5th Cir. 2004);

    d.  The probabilities of success favor final approval of the Settlement, as neither side could expect a complete victory at trial that would not be subject to the potential risk and delay of appeal. *See, e.g.*, *Reed*, 703 F.2d at 172; *Turner*, 472 F. Supp. 2d at 848-49;

    e.  The Settlement provides meaningful relief to the Class, including cash relief, and certainly falls within the range of possible recoveries by the Class. *See, e.g.*, *Reed*, 703 F.2d at 172; *Turner*, 472 F. Supp. 2d at 849-50;

    f.  The support of class counsel, who are highly skilled in class action litigation such as this, and the class representatives, who have participated in this Litigation and evaluated the proposed Settlement, also favors final approval. *See, e.g.*, *Reed*, 703 F.2d at 172; *Turner*, 472 F. Supp. 2d at 852; and

    g.  The reaction of the Class supports approval of the Amended Settlement Agreement. No Class Members opted out of the Settlement, and there were no objections to the Settlement as of the Fairness Hearing. *See Turner*, 472 F. Supp. 2d at 852 ("The absence or small number of objections may provide a helpful indication that the settlement is fair, reasonable, and adequate.").

  Accordingly, the Settlement is approved and the Parties and Class Members are hereby directed to implement and consummate the Amended Settlement Agreement in accordance with

its terms and provisions. Class counsel and the Special Master shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Amended Settlement Agreement.

18. **Settlement Consideration**. As described in the Amended Settlement Agreement, Defendants have agreed to establish four Settlement Funds and a Settlement Administration Fund worth, collectively, $13.5 million for the benefit of eligible Class Members. TIN will establish a $4.25 million fund for the Real Property Owners Subclass, a $2.75 million fund for the Business Entities Subclass, a $1.5 million fund for the Other Impacted Persons Subclass, and a $500,000 Other Losses Fund to address certain damages potentially applicable to members of all three subclasses. If the amount in any of these four Settlement Funds exceeds the total amount of Approved Claims submitted for that particular subclass, then any monies remaining will be distributed to one or more of the other three Settlement Funds to address Approved Claims submitted by other subclasses. Thus, any monies not used to satisfy specific categories of claims will pour over into another Settlement Fund established for the benefit of the Class rather than revert to TIN. In addition, TIN has already established and partially funded a $4.5 million Settlement Administration Fund to cover Administrative Expenses associated with administering the Settlement, including the cost of Class Notice, the Notice Agent, the Settlement Administrator, the Special Master, the Lien Resolution Administrator, the Escrow Agent, and accountants supporting the Special Master. Within 30 days of the Effective Date of this Settlement, TIN and the Insurance Carriers will satisfy their remaining funding obligations with respect to the Settlement Administration Fund under Sections XVI.D and XVI.E of the Amended Settlement Agreement. If an award for attorneys' fees and costs is approved by the Court pursuant to Federal Rule of Civil Procedure 23(h), the Settlement Administration Fund will be the source for payment of any such Court-approved attorneys' fees and costs.

In the event there is money remaining in any of the Settlement Funds after all Approved Claims have been paid, or any money remaining in the Settlement Administration Fund after all Administrative Expenses and approved attorneys' costs and fees have been paid, it will be

donated to one or more charities or other public interest entities related to the Pearl River ecosystem.

       19.    **Release**.  The following Release, which is also set forth in Section VI of the Amended Settlement Agreement, is expressly incorporated herein in all respects (including all defined terms used in the Amended Settlement Agreement), is effective as of the Effective Date of the Settlement, and by operation of this Final Order and Judgment shall have fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties.  Except as expressly reserved in Section VI.B of the Amended Settlement Agreement, "Released Claim" or "Released Claims" shall mean any and all claims against any Released Party whatsoever (a) arising out of, in any manner related to, or connected in any way with the Incident and/or any act and/or failure to act related in any way to any of the foregoing, and/or (b) for any and all losses, damages and/or injuries arising from, in any manner related to, or connected in any way with all and/or any of the foregoing, including but not limited to any and all claims that a Class Member has, may have, or may have had, regardless of whether such claim is known or unknown, filed or unfiled, asserted or as yet unasserted, or existing or contingent, and whether asserted by petition, complaint, cross-claim, third party demand, or otherwise (or any judgment or order entered on such claims), and regardless of the legal theory or theories of damages involved.

      The term "Released Claim" or "Released Claims" includes, but is not limited to, the following claims arising out of, in any manner related to, or in any way connected with the Incident.

a.    For personal injury, Bodily Injury (including death), property damage, clean-up of property, diminution of property value, foreclosure, groundwater contamination, sediment contamination, soil contamination, economic loss, mental or physical pain or suffering, emotional or mental harm, fear, fear of illness or disease, fear of developing illness or disease, fright, mental or emotional distress, pain and suffering, loss of earnings, impairment of earning capacity, loss of consortium, loss of support, love and

        affection, equity and medical monitoring, bystander liability, wrongful death, survival actions, breach of contract, all statutory claims, punitive or exemplary damages, attorneys' fees, costs or expenses, moving expenses, additional rental or mortgage payments;

b.    For nuisance, trespass, inconvenience, loss of use or enjoyment, negligence, private nuisance, custody of a thing containing a vice or defect, strict liability, liability for ultrahazardous activities or conduct, absolute liability, wanton and reckless misconduct, malicious misconduct, servitude or obligation of vicinage, abuse of right, or any other liability legally asserted or assertable under any federal, state, or local statute, law, directive or regulation, negligent discharge of a hazardous substance, unjust enrichment, or negligent misrepresentation;

c.    For natural resources damages or damage to the Pearl River ecosystem;

d.    For any claim relating in whole or in part to any breach of any fiduciary duty and/or any breach of loyalty by any of the Released Parties;

e.    For damages resulting in whole or in part from exposure of the property of the Class Members to hazardous or allegedly hazardous, toxic, dangerous or harmful substances;

f.    For derivative or vicarious liability arising out of the conduct or fault of others for which the Released Parties may be responsible;

g.    For any right legally assertable by any Class Member now or in the future, whether the claim is personal to each individual, derivative of a claim now or in the future, or as assignee, successor, survivor, legatee, beneficiary, subrogee, or representative of a Class Member;

h.    For a past, present, future, known, unknown, foreseen, unforeseen, contingent, nascent, mature claim or a claim arising at law, in equity or otherwise, including but not limited to, claims for survival and wrongful death;

i. For any claim, right, or action arising out of, based on, or relating to any body of law whatsoever; and for all injuries or damages of any type, nature, or character arising from, attributable to, or in any way resulting from the Incident;

j. For any conduct of any of the Released Parties with respect to, arising out of or in any way resulting from the Incident; however, this provision is not intended to prevent or impede the enforcement of claims or entitlements to benefits under this Settlement;

k. For any claim, known or unknown, for contribution, subrogation, or indemnity, contractual or otherwise, arising out of, attributable to, or in any way related to the Incident.

The term "Released Claim" or "Released Claims" also includes, but is not limited to, the following causes of action arising out of, in any manner related to, or in any way connected with the Incident.

a. Strict liability;
b. Negligence;
c. Private and public nuisance;
d. Tort;
e. Equity and medical monitoring;
f. Breach of contract;
g. Loss of use;
h. Loss of enjoyment;
i. All statutory claims;
j. Personal injury, including death therefrom, related statutory violations, and emotional distress and mental anguish;
k. Bodily injury, including death therefrom, and emotional distress and mental anguish;
l. Indemnity;
m. Contribution;
n. Negligence per se;

13

o. Violations of any federal or state environmental laws including, but not limited to, the Resource Conservation and Recovery Act, the Clean Air Act, the Water Pollution Control Act, and the Emergency Planning and Community Right to Know Act, the Comprehensive Environmental Response, Compensation, and Liability Act or Louisiana Hazardous Substances Act;

p. Negligent discharge of a hazardous substance;

q. Unjust enrichment;

r. Negligent misrepresentation;

s. Relief by way of subrogation, contractual indemnity, common law indemnity and/or contribution against the Released Parties;

t. Attorneys' fees and any and all costs and expenses of litigation; and

u. Fraud

Notwithstanding the above, as stated in Section VI.B of the Amended Settlement Agreement, "Released Claims" shall not include any future claims for a Later-Manifested Bodily Injury, defined as disease or physical condition that is first manifested or diagnosed in a Class Member after the Effective Date and which is claimed to have been caused in whole or in part by the Incident.

20. **Binding Effect**. As set out in Section VI.C of the Amended Settlement Agreement, all Class Members, and anyone claiming by, through and/or on behalf of any of them, have fully, finally, and forever released, waived, discharged, surrendered, foregone, given up, abandoned, and canceled any and all Released Claims (as defined in Section VI.A of the Amended Settlement Agreement) against the Released Parties, including (but not limited to) those asserted, or that could have been asserted against the Released Parties. All Class Members, and anyone claiming by, through and/or on behalf of any of them, will be forever barred and enjoined from prosecuting any action against the Released Parties asserting any Released Claims.

21. **Permanent Injunction**.  The Court orders that, upon the Effective Date, the Amended Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Class Members.  Pursuant to Section XIV of the Amended Settlement Agreement, the Court hereby issues a bar order and permanent injunction against any and all pending or future claims by Class Members against the Released Parties arising from, or otherwise relating to the Incident or Released Claims.  This bar order and permanent injunction: (a) enjoins and forever bars any and all Class Members from commencing and/or maintaining any action, legal or otherwise, against the Released Parties arising out of, or otherwise relating to, the Incident or Released Claims; and (b) bars the assertion by any entity or person against the Released Parties of any contribution, indemnification, subrogation, or other claims arising out of the Class Members' claims concerning the Incident, Released Claims or this Settlement.  The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's Final Order and Judgment.  Any person found in contempt of this injunction will be subject to sanctions.  Notwithstanding the foregoing, nothing in this Section shall be construed to bar the enforcement of claims or entitlement to benefits provided by this Settlement.

22. **Enforcement of Settlement**.  Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Amended Settlement Agreement.

23. **Attorneys' Fees and Expenses**.  The Court will issue a further Order with respect to attorneys' fees and expenses.

24. **Retention of Jurisdiction**.  The Court has jurisdiction to enter this Final Order and Judgment.  Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains jurisdiction (a) for the purposes of administering, supervising, construing and enforcing the Settlement; (b) for the purposes of continuing and exclusive jurisdiction over (i) the Settlement Funds or the Settlement Administration Fund and (ii) the distribution of same to Class Members; and (c) for any other necessary purpose, including, without limitation:

    a. enforcing the terms and conditions of the Amended Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Amended Settlement Agreement, this Final Order and Judgment (including, without limitation, whether a person or entity is or is not a Class Member; and whether claims or causes of action allegedly related to this case are or are not released and barred by this Final Order and Judgment; and whether persons or entities are enjoined from pursuing any claims against the Released Parties);

    b. enforcing the specific terms and conditions of the indemnity provision contained in Section VII of the Amended Settlement Agreement, which (i) requires Class Members to defend, indemnify, and hold harmless the Released Parties from and against: (a) any and all past, present or future claims, demands, suits, causes of action, rights of action, liabilities, liens privileges, or judgment of any kind whatsoever (including all expenses, costs and attorneys fee expenses related thereto) by, on behalf of, through, or deriving from the claims of that Class Member, or by, on behalf of, through, or deriving from his, her, or its heirs, executors, representatives, attorneys of former attorneys, successor, employers, insurers, employers' insurers, health insurers, health care providers, assignee, subrogees, predecessors in interest, successors in interest, beneficiaries or survivors related to the Released Claims; and (b) any claims for contribution, indemnity, and/or subrogation, whether arising under tort, contract or otherwise, related to or connected in any way with the Released Claims of that Class Member; and (ii) requires Class Members to indemnify, defend and hold harmless the Released Parties from any claim by a Governmental Authority Third-Party Payer/Provider related to the Class Member's Claim, including any action to recover or recoup benefits that have been paid or will be paid by any Governmental Authority Third-Party Payer/Providers to such Class Member or any action under the Medicare Secondary Payer Act (42 U.S.C. § 1395y);

    c. entering such additional Orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment, any order approving attorneys' fees and expenses, and the Amended Settlement Agreement (including, without limitation, orders

16

enjoining persons or entities from pursuing any claims against the Released Parties, and permanently enjoining Class Members from initiating or pursuing related proceedings), or to ensure the fair and orderly administration of this Settlement; and

        d.    entering any other Orders necessary to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights as provided in the Amended Settlement Agreement.

    25.    **No Admissions**.  Neither the Amended Settlement Agreement, nor any of its provisions, nor any negotiations, statements or court proceedings relating to its provisions in any way be, shall be:

        a.    construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Litigation, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce the Amended Settlement Agreement or the rights of the Parties;

        b.    construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of the Released Parties, or as a waiver by the Released Parties, of any applicable privileges, claims or defenses;

        c.    deemed a presumption, concession, or admission by Released Parties of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Litigation, or in any actions or proceedings; or

        d.    interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal or administrative.

26. **Dismissal of Action**.  All claims of the Class against the Released Parties (including all individual and Class claims presented therein) in the Litigation pending before this Court are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as otherwise provided in any order approving attorneys' fees and expenses.  Pursuant to Section XIII of the Amended Settlement Agreement, the members of the PSC shall file motions to dismiss with prejudice all Related Actions by Class Members whom they represent in any actions pending in any state court and/or in any federal court within 10 days of the Effective Date.  The PSC shall use its best efforts to assist Defendants in obtaining dismissal with prejudice of any other Related Actions (or any other actions related to the Incident) maintained by any potential Class Member, whether in state court, federal court or any arbitral forum.  Pursuant to Section XIII of the Amended Settlement Agreement, both Parties waive any rights of appeal in this Litigation or in Related Actions.

27. In the event that the Effective Date does not occur, certification shall be automatically vacated and this Final Order and Judgment, the dismissal of the Litigation, any order approving attorneys' fees and expenses, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

28. The Court finds that, pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay of entry of final judgment with respect to the foregoing.

SO ORDERED, in New Orleans, Louisiana, this 10th day of __July__, 2013.

_____
The Honorable Lance M. Africk
UNITED STATES DISTRICT JUDGE